KENNEDY, Circuit Judge,
dissenting.
Unlike the majority, I agree with the district court that the 1/4 inch difference in heights between sections of the bridge metal grate panels and the protruding fastening screws are each sufficient to permit a jury to find that CSX failed in its duty to provide plaintiff with a safe place to work.
*491 While I have been unable to find any FELA case alleging a 1/4 inch difference between two levels of walkway, state courts have found a jury issue where a store owner whose duty it is to provide reasonably safe premises for its invitees, a duty very similar to the duty here, was found negligent in permitting a 1/4 inch difference in levels at the head of a stairway when the customer fell when her shoe came in contact with the rise. Haverkost v. Sears, Roebuck & Co., 193 S.W.2d 357 (Mo.Ct.App.1946). Again, in Geislinger v. Village of Watkins, 269 Minn. 116, 130 N.W.2d 62 (1964), the Minnesota Supreme Court found 1/4-inch difference in level between the edge of the floor board and the adjacent top stair tread at a spot without a reachable handrail violated an owner’s duty to an invitee to exercise due and reasonable care. 130 N.W.2d at 66. The walkway was especially precarious at the location where plaintiff fell since the handhold provided on the rest of the walkway was discontinued for a distance to accommodate the swing nature of the bridge.
Similarly, I disagree with the majority that the protruding dome-head and hex screws are not hazards. The record lacks evidence as to the exact height of the tripping hazards. From looking at a photograph, bridge foreman, Wayne Larr, estimated the protrusion of the hex screw above the walkway at 1/4 of an inch based on the thickness of the screw’s head. J.A. at 77. However, in defendant’s photograph taken the day of the accident, Przy-bylinski deposition exhibit 5, J.A. at 47, it is clear that the screw head is on top of a 1 inch washer which sits on top of the grating, adding to the height of the tripping hazard. The record is devoid of estimates as to the height of the dome-head protrusion, although from the pictures, it appears to be at least the height of the hex screw. J.A. at 44. Sitting on the southerly grate at the grate’s seam, the dome-head screw’s head adds to the 1/4 inch difference in the grate heights, creating a tripping hazard of at least 1/2 of an inch. J.A. at 44.
I also disagree with the majority’s finding that plaintiff testified or admitted that she could have caught her boot on one of the openings in the grate. Read in context, when in her deposition or statement she refers to the grating, in “striking the grating with her toe” she is referring to striking the raised, uneven grating at the point the panels meet. While a fact finder could conclude to the contrary, I believe there is at least a question of fact on this issue. Thus, she testified, “I know I caught on something at that grating section.” She didn’t know whether it was one of the nails or bolts or the differences in levels. J.A. at 60; J.A. at 103.
I would find that there exist issues of fact as to foreseeability and causation; therefore, I would reverse the grant of summary judgment in favor of CSX and remand the case to the district court for a trial on the remaining disputed issues of fact. Accordingly, I respectfully dissent.